## MONTCLAIR SAVINGS BANK

*v.*

## CORNELIA M. PARTRIDGE et al.

[Argued December 12th, 1919.   Decided September 13th, 1920.]

1. On application to open proofs to admit in evidence a deed that the parties to the suit had access to at all times, and which was frequently referred to in the trial, in order to show that the deed contained no express assumption of the mortgage involved in the suit—*Held*, that although such evidence if admitted would not influence the decision of this court, yet it should be granted.

2. On application for reargument of the case—*Held*, that no error having being shown in the opinion filed by this court, such application should be denied.

---

On motions to open proofs and admit a deed in evidence, and for a reargument of the cause.

*Mr. Richard Boardman,* for the motions.

*Mr. Charles L. Currick, contra.*

STEVENSON, V. C.

1. I think that the application to open the proofs so as to admit in evidence the deed to Mrs. Partridge, and thereby show that that deed contained no express assumption of the mortgage upon the property conveyed, should be granted. The parties interested in this controversy and their counsel at all times had access to this deed which was recorded, it was frequently referred to during the trial and argument and the court inferred, in the absence of the deed, that it contained an assumption clause. So far as this court is concerned, the absence of an express assumption of the mortgage in the deed to Mrs. Partridge would make no difference in the decision. The evidence exhibiting the circumstances under which this covenant of assumption was inserted in the deed was left in a very unsatisfactory condition. The lawyer who drew the deed was not interrogated and made no statement in regard to the covenant of assumption. Whether, in fact, Mrs. Partridge rendered herself personally liable to pay this mortgage and relieve her grantor from its burden, in some way other than by an express assumption in her deed, is a question which was not the subject of either evidence or argument. She may have been liable, notwithstanding there was no express assumption in her deed.

In case this cause should be reviewed in the court of last resort, I see no reason why counsel for Messrs. Woodhouse et al., if he desires to base an argument upon the absence of any covenant of assumption in this deed, should not be able to exhibit the fact of such absence in the only possible legal way, viz., by the production of the deed.

The opening of the proofs, however, for the purpose of allowing counsel for Messrs. Woodhouse et al. to introduce this deed will only be allowed upon terms which will permit counsel for the Lincoln Trust Company to put in any evidence as to the assumption or non-assumption of the mortgage by Mrs. Partridge which he may desire to offer, and also permit him to correct or amend his pleadings in any reasonable way. I will hear counsel as to any other conditions which counsel for the Lincoln Trust Company thinks should be imposed.

2. The motion for a rehearing, supported as it was by elabo-

rate oral argument and by a brief covering an important part of the cause, was in fact to a large extent a reargument of the cause to meet and correct the conclusions set forth at length in the opinion of the vice-chancellor, which was furnished to counsel, but has not as yet been filed. I do not find that I made any material errors of fact, or that counsel present any new matters of law which were not heretofore fully considered and disposed of. The case, undoubtedly, is complex and is presented by original and supplemental pleadings in a very peculiar way. It may be seriously questioned whether the litigation between these defendants Messrs. Woodhouse et al. and the Lincoln Trust Company should have been considered and decided by the court of chancery in this suit, which was a foreclosure suit practically without defence, and in which the contentions of the defendants *inter sese* originally related to a possible surplus which never materialized. If either counsel desires to raise the question whether the cause, which has been tried and decided so far as the court of chancery is concerned, should not be supplied with a new basis for the final decree to be made therein, in the shape of entirely new pleadings, the matter will be heard upon settlement of the decree.

While, of course, I may have been led into error in my effort to correctly analyze the case which has been presented for decision, my conclusion is that the function of the court of chancery in settling this litigation has been accomplished, and that the correction of any errors in the decision should be left to the action of our court of last resort.

Without undertaking to restate the points presented by the opinion which counsel for Messrs. Woodhouse et al. undertakes to reargue, I find one or two minor matters which I deem proper to notice.

(1) Counsel for Messrs. Woodhouse et al. in his brief states:

"The contract to be signed by the banks was *Exhibit No. D. 11*, signed on or after the 19th day of August, 1912, after the deed to Paul was signed on July 31st, 1912, instead of *Exhibit No. 10, erroneously emphasized* by the vice-chancellor as being the agreement referred to by Mr. Partridge."

I do not stop to refer to the testimony on this subject. It may

be conceded that the execution of the agreement among the banks which counsel for Messrs. Woodhouse et al. insists wholly discharged Mrs. Partridge's property from the mortgage deed made by her to Mr. George E. Paul for the security of the Lincoln Trust Company, took place a month after the mortgage deed was executed and not a month before. The paper executed by Mr. Farrier, acting for the Lincoln Trust Company, and Mr. Partridge, contemporaneously with the execution of the mortgage deed to Paul, certainly indicates that whatever the object of the deed as a security to the Lincoln Trust Company may have been, such security should stand for the *future* protection of the trust company. We may acquit Mr. Partridge of taking the absurd position that the purpose of this deed made in July had already been fully accomplished by the execution of an agreement during the prior month of June.

The important matter to be considered, in connection with Mr. Partridge's claim that the whole object of the deed made in July was accomplished by the execution of the agreement in August, is that nine months after, when, according to his theory, the Montclair property was wholly discharged from the mortgage deed, the assignment under which Messrs. Woodhouse et al. base their entire claim was executed by Mrs. Partridge with the full knowledge of her husband, and that in this assignment it is distinctly stated that the property was then held by Paul as security for obligations of Mrs. Partridge, which are plainly referred to as being at that time undischarged.

·(2) I shall not undertake to further discuss the question as to the meaning and equitable effect of the covenant of assumption contained in the deed to Mr. Paul. The matter is, I think, sufficiently covered by the opinion and the extensive argument of counsel on this application for a rehearing with citation of many authorities, presents no new phase of the subject but merely attempts to show that the views expressed by the court in the opinion are erroneous.

I will, however, briefly add to what is said in the opinion in regard to the exact meaning of the words "which the said party of the second part assumes," contained in the mortgage deed to Mr. Paul.

Whatever may have been held as to the force of such words in other cases, I cannot find in this case that with the aid of the meagre testimony pertaining to. this covenant of assumption its true meaning can be reached by disregarding the whole force of the word "assumes." The Lincoln Trust Company admits in its pleading, and no attempt was made to amend that pleading so as to diminish the force of the admission, that Mr. Paul on its behalf assumed the payment of the mortgage in question. As the evidence stands my conclusion remains that the bargain amounted to this: Mrs. Partridge, through her husband and agent, and by her deed, gave the Lincoln Trust Company her equity in the Montclair property as security for the discharge of debts due to the company for which she (Mrs. Partridge) was liable. She exacted, according to the hypothesis now assumed to be correct, an obligation on the part of Mr. Paul and the Lincoln Trust Company, who were obtaining title to and control of her equity in this property, and they would assume—*i. e.*, take upon themselves any obligation of Mrs. Partridge with respect to the payment of the mortgage. Mrs. Partridge, it is now alleged, had not assumed to pay the mortgage in the deed which conveyed the equity to her, but, as has been stated, and as is beyond controversy, I think, an obligation on her part to pay the mortgage, might have been in existence without any covenant of assumption in the deed to her. A covenant of a grantee to assume a mortgage for which the grantor in fact is not liable, or for which the grantor thinks he is not liable, may often times be a thing of great importance and value to the grantor if in the future a liability on his part to pay the mortgage debt in fact is asserted.

Here, again, I may be in error, but I am unable to perceive that if we take this covenant in its widest possible meaning it should be regarded as anything more than the taking over by Messrs. Paul and the Lincoln Trust Company of any obligation which then rested on Mrs. Partridge with respect to the payment of the mortgage debt. As the evidence shows beyond all question the Lincoln Trust Company has fully discharged this obligation by discharging the mortgage debt in question.

The application for a reargument is denied.